IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**JUDGE R. BROOKE JACKSON**

| | |
|---|---|
| Criminal Action:  13-cr-00244-RBJ | Date:  December 16, 2013 |
| Courtroom Deputy:  Julie Dynes | Court Reporter:  Kara Spitler |
| Interpreter:  N/A | Probation:  Michelle Means |

| *Parties* | *Counsel* |
|---|---|
| UNITED STATES OF AMERICA | *Pegeen D. Rhyne* |
| **Plaintiff** | |
| v. | |
| 1. SHAWON MCCLUNG | *Brian R. Leedy* |
| **Defendant(s)** | |

## COURTROOM MINUTES

**SENTENCING HEARING**

Court in session:   1:01 p.m.

Appearances of counsel.

Defendant present on bond.

Argument and testimony given on sentencing.

Statement by the court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

Defendant entered his plea on July 30, 2013, to Count One of the Information.

**ORDERED:**   [20] Defendant's Motion for Variant Sentence is DENIED.

**ORDERED:**   Defendant shall be **imprisoned** for **51 months**.

Court RECOMMENDS that the Bureau of Prisons place the defendant at the FCI facility in Indiana.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of 3 years.

**ORDERED:** **Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release regarding restitution:
- (**X**) Pursuant to 18 U.S.C. § 3663A, restitution in the total amount of $1,756,750.00 shall be ordered in this case. Restitution, as set forth below, is due and owing to the following victims:

    | Amount | Victim |
    |---|---|
    | $1,000,000.00 | to Chris Boyce, DBA Kastel Inc. |
    | $180,000.00 | to Garry & Chris Hesselbacher, DBA Pinnacle Hospitality |
    | $175,000.00 | to Be Happy Property Management/Vanna Rapeti |
    | $100,000.00 | to Jim Franks |
    | $81,250.00 | to Brad Sisson, DBA Bradley James Enterprises |
    | $50,000.00 | to Michael Opheim, DBA Wisconsin Cigar Masters LIG |
    | $42,500.00 | to Dawn and Gary Goldwasser |
    | $42,500.00 | to Jeffery K Hardin |
    | $30,000.00 | to Badrul Chowdhury |
    | $17,000.00 | to Irene McClung |
    | $11,000.00 | to Larry Miller |
    | $10,000.00 | to Richard Czeiner |
    | $7,000.00 | to Karen Hall |
    | $5,500.00 | to Joyce Rice |
    | $5,000.00 | to Keishaun Pryor |

- (**X**) The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (**X**) Any employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall permit contact between the probation officer and his employer(s), including, but not limited to, full-time, part-time, temporary, and contract employment.
- (**X**) The defendant shall submit to financial monitoring by, or at the direction of, the probation officer.
- (**X**) The defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents.
- (**X**) The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on her behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of her business activities as requested by the probation officer.
- (**X**) The defendant shall maintain separate personal and business finances and shall not comingle personal and business funds in any financial accounts, including but not limited to bank accounts and lines of credit.
- (**X**) The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.
- (**X**) The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.
- (**X**) Obtain and maintain employment.

**ORDERED:** Judgment in Assest Forfeiture in the amount of $1,756,750.00. Any collection shall be distributed to the victims first.

Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days.

A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

Defendant shall voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days from the date of designation

Court in recess:  2:07 p.m.            Hearing concluded.            Total time in Court:  1:06